IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| PLATINUM HODDIE HARRISON and NIARA BURTON, | ) 1:24-CV-0070-SPB-RAL )   ) SUSAN PARADISE BAXTER |
| Plaintiffs | ) United States District Judge ) |
| v. | ) RICHARD A. LANZILLO ) Chief United States Magistrate Judge |
| LAUREL R. HARRY, et al., | ) ) REPORT AND RECOMMENDATION |
| Defendants | ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that this action be dismissed due to Plaintiffs' failure to prosecute.

II.   Report

A.   Background

Plaintiffs Platinum Hoddie Harrison and Niara Burton, inmates incarcerated at the State Correctional Institution at Albion (SCI-Albion), initiated this civil rights action on March 7, 2024. ECF No. 1. In their accompanying complaint, which was lodged but not filed, Plaintiffs alleged discrimination and abuse based on their LGBTQ+ status and deliberate indifference to their mental health. ECF No. 1-1. Although Harrison filed a motion for leave to proceed in forma pauperis, *see* ECF No. 1, Burton did not.

On May 24, 2024, Burton filed a Motion to Consolidate Claims and a proposed Complaint setting forth additional claims. ECF No. 3, 3-2. Noting that Plaintiffs did not appear to be cooperating in their actions, the Court issued an Order on June 7, 2024, stating as follows:

1

> To the extent that Harrison and Burton wish to proceed together in a single action, and to the extent that they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences and any question of law or fact common to all plaintiffs will arise in the action, see Fed. R. Civ. P. 20, they must file a single amended complaint within thirty (30) days of this order. If Harrison and Burton no longer wish to proceed jointly, either of them may alert the Court within thirty (30) days of this Order.

ECF No. 5. Although Burton filed two pieces of correspondence approximately one month later, neither document was responsive to (or even acknowledged) the Court's Order. *See* ECF Nos. 6-7.

In light of the foregoing, the Court issued another Order on July 17, 2024, directing Plaintiffs to show cause for their failure to file a timely Amended Complaint or otherwise communicate with the Court. ECF No. 8. The Court cautioned Plaintiffs that failure to respond would result in a recommendation that this matter be dismissed for failure to prosecute. *Id*. The Court mailed that order to each Plaintiff at their address of record on that same date. Each order was returned as undeliverable and marked "unable to forward." Plaintiffs' failure to maintain a current address leaves the Court unable to locate, communicate with, or engage in any meaningful case management with either Plaintiff. Whether their claims have been intentionally abandoned or simply neglected, a final order dismissing this action without prejudice is warranted.

    B. Analysis

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co*., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary

caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). In addition to disregarding Court orders, Plaintiffs have failed to maintain their current address with the Court or take any

steps to prosecute their claims.  Because Plaintiffs are proceeding pro se, they are solely responsible for their own conduct, including the failure to update their address and respond to orders from the Court.  *See*, *e.g*., *Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions.").  This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior.  Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  *Ware v. Rodale Press, Inc*., 322 F.3d 218, 222 (3d Cir. 2003).  Although this factor does not weigh heavily, Plaintiffs' "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving a timely adjudication of their claims.  *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case.").  This factor also weighs in favor of dismissal.

The same is true of the third *Poulis* factor.  Plaintiffs have failed to engage with the Court or take the necessary steps to pursue their claims.  Despite the obligation to do so, Plaintiffs have also failed to maintain a current address, preventing them from receiving the Court's orders.  This conduct is enough to establish a history of dilatoriness.  *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Although Plaintiffs are solely responsible for maintaining a current address, it is unclear whether their failure to do so is the result of an intentional abandonment of their claims or simple neglect. Under such circumstances, the Court concludes that this factor is neutral.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See*, *e.g.*, *Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiffs' claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this case, Plaintiffs' have filed multiple pleadings raising wide-ranging claims against a host of Defendants. Without a single, consolidated pleading, it is unclear which claims Plaintiffs intend to pursue or whether they have any potential merit. Accordingly, this factor tilts in favor of dismissal, but only slightly.

On balance, the Court finds that five of the six *Poulis* factors heavily support dismissal, with one factor being neutral. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to

participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand. However, because it cannot be determined what claims, if any, Plaintiffs intended to assert in this action, dismissal should be without prejudice.

III.   Conclusion

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiffs' failure to prosecute.

IV.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 30th day of August, 2024.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge